IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :    Case No: 1:26-cr-24

     :

     :

     :

     :

     :

v.      :

     :

AVTANDIL KALANDADZE      :

     :

Defendant.      :

**FILED**

AUG 0 / 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## STATEMENT OF DEFENDANT

AVTANDIL KALANDADZE, defendant in the above-captioned criminal proceeding, hereby states as follows:

1.    My true and correct name is Avtandil Kalandadze.

2.    I received a Notice of Intent to Request Judicial Removal ("Notice"), dated July 23, 2026. I am the person identified in that document. I hereby waive my right, pursuant to Section 238[(d)](c)(2)(A) of the Immigration and Nationality Act of 1952, as amended ("INA"), 8 U.S.C. § 1228[(d)](c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

3.    I received the Factual Allegations in Support of Judicial Removal ("Allegations"), dated July 23, 2026. I hereby waive my right, pursuant to Section 238[(d)](c)(2)(B) of the INA, 8 U.S.C. § 1228[(d)](c)(2)(B), to have the allegations served 30 days prior to sentencing.

4.    My rights in a judicial removal proceeding have been fully explained to me by my attorneys, Jillian B. Berman and Michael D. Longyear. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to

the notice and hearing provided for in Section 238[(d)](c)(2) of the INA, 8 U.S.C.
§ 1228[(d)](c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise
challenge this order. I understand the rights I would possess in a contested administrative
proceeding and I waive these rights, including my right to examine the evidence against me,
present evidence on my own behalf, and cross-examine witnesses presented by the United States.
I understand these rights and waive further explanation by the Court.

5.      I hereby admit that all of the factual allegations set forth in the Allegations are
true and correct as written.

6.      I hereby concede that I am removable from the United States pursuant to INA §
212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)].

7.      I hereby waive any and all rights I may have to any and all forms of relief or
protection from removal to Georgia, deportation, or exclusion under the INA, as amended, and
related federal regulations. These rights include, but are not limited to, the ability to apply for
the following forms of relief or protection from removal: asylum; withholding of removal under
Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to
Article 3 of the United Nations Convention Against Torture, including withholding or deferral of
removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of
status; registry; *de novo* review of a denial or revocation of temporary protected status (current or
future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa
petitions; consular processing: voluntary departure or any other possible relief or protection from
removal to Georgia available under the Constitution, laws or treaty obligations of the United
States.

8.      I agree to the entry of a stipulated judicial order of removal to Georgia pursuant to

Section 238[(d)](c)(5) of the INA, 8 U.S.C. § 1228[(d)](c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Georgia, the country of my nativity and/or citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Georgia, the country of my nativity and/or citizenship.

9. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

10. I agree to assist U.S. Immigration and Customs Enforcement ("ICE") in the execution of my removal to Georgia. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal to Georgia; to meet with and to cooperate with representatives of Georgia to which I may be removed; and to execute any forms, applications, or waivers needed to execute or expedite my removal to Georgia. I further understand that my failure or refusal to assist ICE in the execution of my removal to Georgia may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

11. I concede that the entry of this judicial order of removal renders ~~me permanently~~ ᵥfor at least five years inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security or other designated representative of the U.S. government.

12. I will accept a written order issued by this Court for my removal from the United States to Georgia, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

the notice and hearing provided for in Section 238[(d)](c)(2) of the INA, 8 U.S.C.

§ 1228[(d)](c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise

challenge this order.  I understand the rights I would possess in a contested administrative

proceeding and I waive these rights, including my right to examine the evidence against me,

present evidence on my own behalf, and cross-examine witnesses presented by the United States.

I understand these rights and waive further explanation by the Court.

5.      I hereby admit that all of the factual allegations set forth in the Allegations are

true and correct as written.

6.      I hereby concede that I am removable from the United States pursuant to INA §

212(a)(7)(A)(i)(I) [8 U.S.C. § 1182(a)(7)(A)(i)(I)].

7.      I hereby waive any and all rights I may have to any and all forms of relief or

protection from removal to Georgia, deportation, or exclusion under the INA, as amended, and

related federal regulations.  These rights include, but are not limited to, the ability to apply for

the following forms of relief or protection from removal: asylum; withholding of removal under

Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to

Article 3 of the United Nations Convention Against Torture, including withholding or deferral of

removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17, cancellation of removal; adjustment of

status; registry; *de novo* review of a denial or revocation of temporary protected status (current or

future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h), 1182(i); visa

petitions; consular processing; voluntary departure or any other possible relief or protection from

removal to Georgia available under the Constitution, laws or treaty obligations of the United

States.

8.      I agree to the entry of a stipulated judicial order of removal to Georgia pursuant to

07. 23. 2026

Date

_____
Defendant's Signature

07/23/2026

Date

_____
Attorney for the Defendant